IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALFONSO ORDAZ, | : | MOTION TO VACATE |
| BOP Reg. # 65029-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:13-CR-291-WSD-AJB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:16-CV-1311-WSD-AJB |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Alfonso Ordaz, confined in the Yazoo City Low Federal Correctional Institution in Yazoo City, Mississippi, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:13-cr-291-WSD-AJB-1. [Doc. 178.]¹ The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

---

¹ Citations to the record in this Final Report and Recommendation refer to case number 1:13-cr-291-WSD-AJB-1.

## I. Discussion

In a superseding indictment returned on September 23, 2014, Movant was charged with conspiracy to possess with intent to distribute at least 500 grams of methamphetamine and five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) & (viii) and 846.  [Doc. 101 at 1-2.]  On October 31, 2014, Movant pleaded guilty.  [Doc. 132.]  On January 12, 2015, the District Court sentenced Movant to 135 months imprisonment, followed by five years supervised release.  [Doc. 143 at 1; Doc. 145 at 1-3.]  Movant timely appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed on October 30, 2015.  *See United States v. Ordaz*, No. 15-10187 (11th Cir. Oct. 30, 2015) (per curiam).  [Doc. 176.]  Movant timely executed his § 2255 motion on April 18, 2016.  [Doc. 178 at 8.]

Movant claims that his counsel, W. Sander Callahan, provided ineffective assistance by failing to file an appeal, as Movant requested.  [*Id.* at 3-5.]  Mr. Callahan began representing Movant on October 8, 2014.  [Doc. 129.][2]  The record plainly shows that Mr. Callahan filed a notice of appeal on January 13, 2015, which was just one day

---

[2] Movant's two previous attorneys withdrew from the case.  [*See* Dkt. Entries Mar. 11 & Oct. 8, 2014.]

after the District Court sentenced Movant. [Doc. 146.] The District Court subsequently granted Mr. Callahan's motion to withdraw from the case because he was selected to serve as an administrative law judge. [Doc. 148 at 1-2; Doc. 155 at 1.] Attorney Amy Levin Weil was then appointed to represent Movant on appeal. [Docs. 156, 158.] The Eleventh Circuit ultimately affirmed Movant's sentence. [Doc. 176.] Because Mr. Callahan timely filed a notice of appeal, Movant's contrary claim necessarily fails. The District Court should dismiss the § 2255 motion pursuant to Rule 4(b).

## II. Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*,

AO 72A
(Rev.8/82)

529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issue presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that: (1) the motion to vacate, set aside, or correct sentence, [Doc. 178], be **DISMISSED** pursuant to Rule 4(b); (2) a COA be **DENIED**; and (3) civil action number 1:16-cv-1311-WSD-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the

AO 72A
(Rev.8/82)

undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  13th   day of May, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE